In the Matter of the Application of SOPHIE RESWICK, as Administratrix, etc., of SOLOMON RESWICK, to Discover Property of Said Deceased, Claimed to Be Withheld by BERNARD RESWICK. SOPHIE RESWICK, Administratrix, etc., of SOLOMON RESWICK, Deceased, Appellant; BERNARD RESWICK, Respondent.— Order of the Surrogate's Court of Kings county denying the motion of the appellant for an order of examination of a witness before trial in a discovery proceeding affirmed, with ten dollars costs and disbursements, payable out of the estate. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

FRANK S, KNESZ, Respondent, v. S. & H. GROSSINGER, INC., Appellant.— Action for damages for breach of contract of employment. Order denying motion for change of venue on the ground of convenience of witnesses, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.

BELLE LINDEN and HARRY LINDEN, Appellants, v. WEST 21ST STREET HOLDING CORP. and NATIONAL TRANSPORTATION Co., INC., Respondents.— Order granting reargument and upon reargument denying plaintiffs' motion to vacate a judgment of dismissal and to restore the case to the calendar reversed on the law, without costs, and motion granted, without costs, upon condition that within five days from the entry of the order hereon plaintiffs pay to defendant West 21st Street Holding Corp., twenty-five dollars costs; otherwise, order affirmed, with ten dollars costs and disbursements. Appeal from the original order dismissed. The court was justified in dismissing the complaint upon the failure of plaintiffs' attorney to appear and select a jury after the case had been answered " ready " by his clerk and the attorneys for both defendants. Plaintiffs' default, however, is excused in part because their attorney relied upon the statement of a representative of the attorney for one of the defendants that he would be unable to proceed because of the absence of a material witness. Under the circumstances we believe plaintiffs' default should have been opened upon the payment of appropriate costs to the other defendant, whose attorney had been assured the trial was to proceed on January 24, 1939. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.